10-4037-cv
Roswell Capital Partners LLC v. Beshara

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of September, two thousand eleven.

PRESENT:
>JON O. NEWMAN,
>PETER W. HALL,
>>*Circuit Judges*,
>LORETTA A. PRESKA,*
>>*Chief District Judge*.

_____

ROSWELL CAPITAL PARTNERS LLC., as Collateral Agent,
BRIDGEPOINTE MASTER FUND LIMITED, CAMOFI MASTER
LDC., and CAMHZN MASTER LDC.,
>>*Plaintiffs-Counter-Defendants-Appellees*,

>>v.                                    No. 10-4037-cv

JAMES BESHARA and JMB ASSOCIATES,
>>*Defendants-Appellants*,

JOHN DOES 1-10, CITY ELECTRIC SUPPLY COMPANY,
BRANCH BANKING & TRUST COMPANY, and JMB & ASSOCIATES OF OHIO,
>>*Defendants*,

_____

* The Honorable Loretta A. Preska, Chief Judge of the United States District Court for the Southern District of New York, sitting by designation.

1

ALTERNATIVE CONSTRUCTION TECHNOLOGIES INCORPORATED, FKA ALTERNATIVE CONSTRUCTION COMPANY INC., ALTERNATIVE CONSTRUCTION BY IONIAN INCORPORATED, FKA IONIAN CONSTRUCTION INC., ALTERNATIVE CONSTRUCTION BY PROSTEEL BUILDERS INCORPORATED, FKA PROSTEEL BUILDERS CORP., ALTERNATIVE CONSTRUCTION BY REVELS INCORPORATED, ALTERNATIVE CONSTRUCTION CONSULTING SERVICES INCORPORATED, ALTERNATIVE CONSTRUCTION DESIGN INCORPORATED, ALTERNATIVE CONSTRUCTION MANUFACTURING OF TENNESSEE INCORPORATED, FKA ALTERNATIVE CONSTRUCTION TECHNOLOGIES CORPORATION, ALTERNATIVE CONSTRUCTION MANUFACTURING OF FLORIDA INCORPORATED, ALTERNATIVE CONSTRUCTION SAFE ROOMS INCORPORATED, FKA UNIVERSAL SAFE STRUCTURES INC., ALTERNATIVE CONSTRUCTION TECHNOLOGIES CORPORATION, FUTURE OF BUILDING INSTITUTE INCORPORATED, MODULAR RENTAL & LEASING CORPORATION, and SOLAR 18 ACTECH PANEL INCORPORATED,

*Defendants-Counter-Claimants*.

---

FOR PLAINTIFFS-APPELLEES:        DOUGLAS A. RAPPAPORT, Akin Gump Strauss Hauer & Feld LLP, (Brian T. Carney, *of counsel*) New York, New York.

FOR DEFENDANTS-APPELLANTS:        MARK J. LAWLESS, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Cote, *J.*).  **UPON DUE CONSIDERATION**, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**, that the judgment of the district court is **AFFIRMED**.

In this dispute arising from a provision in a promissory note purporting to give defendant JMB Associates ("JMB") the right to "unwind" a mandatory debt-to-equity conversion, JMB contends that by exercising this unwind provision and turning its equity shares back into debt, it reverted to holding a secured interest that is senior to that of the plaintiffs, a group of secured lenders who are seeking to foreclose on the collateral of Alternative Construction Technologies Inc. ("ACT").  The district court granted summary judgment to the plaintiffs, concluding, *inter alia*, that the equity conversion extinguished JMB's security interest in the collateral and that the

2

unwinding of the equity conversion did not resurrect that security interest. We assume the parties' familiarity with the underlying facts and procedural history of the case.

**I.     Discussion**

We review *de novo* an order granting summary judgment to determine whether the district court properly concluded that there were no genuine issues of material fact and the moving party was entitled to judgment as a matter of law. *Havey v. Homebound Mort., Inc.*, 547 F.3d 158, 163 (2d Cir. 2008). "This Court may affirm an appealed decision on any ground which finds support in the record, regardless of the ground upon which the trial court relied." *Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J.*, 448 F.3d 573, 580 (2d Cir. 2006) (internal quotation marks omitted). "[I]n a contract dispute, summary judgment may be granted only where the language of the contract is unambiguous." *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1192 (2d Cir. 1996). The parties agree that Florida law governs the issues.

When JMB converted its debt, plus all the accumulated interest on that debt, into equity shares in ACT, that conversion constituted payment in full on the debt pursuant to the terms of the relevant promissory note. *Mantesta v. Fla. Patient's Comp. Fund*, 506 So.2d 35, 37 (Fla. Dist. Ct. App. 1987) Full payment on a promissory note necessarily extinguishes the underlying debt obligation. *Bank of Lexington v. Jack Adams Aircraft Sales, Inc.*, 570 F.2d 1220, 1225 (5th Cir. 1978). It is black letter law that extinguishing a debt obligation terminates any accompanying security interest because "[a] security interest cannot exist independent of the obligation it secures." *In re Advanced Aviation, Inc.*, 101 B.R. 310, 313 (Bankr. M.D. Fla. 1989); *see also In re Leisure Time Sports, Inc.*, 194 B.R. 859, 861 (B.A.P. 9th Cir. 1996) ("A security interest cannot exist . . . independent from the obligation which it secures."); *Unisys Fin. Corp. v. Resolution Trust*

3

*Corp.*, 979 F.2d 609, 611 (7th Cir. 1992) ("A lien is parasitic on a claim. If the claim disappears—poof! the lien is gone."). Accordingly, because the equity conversion extinguished the debt obligation, and a security interest cannot survive the debt's extinguishment, when JMB converted its debt to equity shares in ACT, any security interest it had in the collateral was also extinguished.

Even assuming that the unwind provision permitted JMB to turn its equity shares back into debt, it does not follow that the debt resulting from any such unwinding would catapult to the top of the priority list ahead of the plaintiffs' secured debt. There is nothing in the language of the promissory note, as required by Florida law, that supports JMB's position that the priority level of its debt would be restored in the event of an unwinding. *Starlines Int'l Corp. v. Union Planters Bank, N.A.*, 976 So.2d 1172, 1175-76 (Fla. Dist. Ct. App. 2008). And so, even if JMB does hold debt and not equity shares, that debt does not have priority over the plaintiffs' secured debt. JMB, therefore, has no legal basis for blocking the plaintiffs' attempted foreclosure on the collateral.

## II. Conclusion

We have considered all of JMB's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4